FILED
U.S. District Court
District of Kansas
08/21/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERICK MONTADA PEREZ,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center; and
TODD BLANCHE, Acting United States Attorney,

Respondents.

Case No. 26-3190-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner, a native of Cuba, entered the United States without authorization in 2022. He was detained by immigration officials on November 25, 2025, and his removal to Cuba was ordered on February 23, 2026. He presently remains confined within this judicial district. On June 22, 2026, petitioner filed this habeas action; respondents have filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

Petitioner claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory

and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Petitioner claims that his detention for more than six months is unlawful, that Cuba will not accept him, and that his removal to that country in the foreseeable future is not likely. Such a claim is governed by the framework set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day statutory removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)). The Supreme Court held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *See id.* at 699. The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. . . .
>
> We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters. But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted). The Supreme Court then established a presumptively-reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*See id.* at 701; *see also, e.g.*, *Anyimu v. Department of Homeland Security*, 2017 WL 193180, at *2-3 (D. Kan. Jan. 18, 2017) (Lungstrum, J.) (applying this framework); *Kaliku v. United States Immigration and Customs Enforcement*, 2024 WL 4854523, at *2-3 (D. Kan. Nov. 21, 2024) (Lungstrum, J.) (same); *Vargas v. Noem*, 2025 WL 2770679, at *2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (same).

Applying this framework, the Court concludes that the petition must be denied. First, petitioner has not yet been detained for six months since his removal order became final (upon petitioner's waiver of appeal), and therefore his detention remains presumptively reasonable under *Zadvydas*. Petitioner's claim fails for that reason alone. Moreover, even if the Court were to apply the *Zadvydas* framework, petitioner's claim would fail because he has not met his burden to show that there is no significant likelihood of his removal in the reasonably foreseeable future. Even if the requisite six months had elapsed, that fact alone would not be sufficient to satsify petitioner's burden. *See Zadvydas*,

533 U.S. at 701 ("This 6-month presumption, of course, does not mean that every alien not removed must be released after six months."). In addition, respondents have submitted evidence that Cuba has agreed to accept petitioner's removal to that country and that petitioner's removal by charter flight is presently scheduled for the end of this month, which evidence easily rebuts any showing by petitioner that his removal is not likely.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 21st day of August, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge